IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KWIK TEK INC., a Colorado corporation,

      Plaintiff,

v.

WOW SPORTS, LLC, a Nebraska limited liability company;

      Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff KWIK TEK INC. ("Kwik Tek") complains of Defendant WOW SPORTS, LLC ("DEFENDANT") and alleges as follows:

### JURISDICTION

1.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code, and in particular, 35 U.S.C. § 271, et seq. Jurisdiction is based on 28 U.S.C. § 1338(a). The patent infringement alleged has been and is now being carried out throughout the United States and on information and belief within the District of Colorado as well.

### THE PATENT-IN-SUIT

2.     The patent-in-suit is United States Design Patent No. D720,030 which is referred to herein as the "'030 Design Patent". The '030 Design Patent was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO") on December 23, 2014 listing Leroy L. Peterson (Peterson) as the inventor and a true and accurate copy of the '030 Design Patent as

issued by the USPTO on said date is attached hereto as Exhibit A.

3.      In February of 2009, inventor Peterson assigned his entire right, title and interest

in and to U.S. patent application Serial No. 12/180,596 (the '596 application) to Sportsstuff, Inc.

In March of 2010, plaintiff Kwik Tek acquired the '596 application from Sportsstuff, Inc.  On

May 30, 2014, Kwik Tek filed a design patent application as a continuation of the '596

application and on December 23, 2014 the '030 Design Patent issued from this design patent

application.

4.      By virtue of the aforesaid, Kwik Tek has the right to sue for infringement of the

'030 Design Patent.

5.      The '030 Design Patent is entitled "Low Drag Aquatic Towing System" and

covers a novel ornamental design for a low drag aquatic towing system which connects a

towable such as a tube to a power boat for towing the tube and is used in the water sport

commonly known as tubing.

### THE PARTIES

6.      Plaintiff Kwik Tek is a corporation organized under the laws of the State of

Colorado with an established place of business at 12000 E. 45th Ave., Unit 104, Denver,

Colorado 80239.

7.      On information and belief, Defendant WOW SPORTS, LLC ("DEFENDANT") is

a limited liability company organized under the laws of the State of Nebaska which does

business under the name WOW World of Watersports at 14301 FNB Parkway, Ste. 100, Omaha,

Nebraska 68154.  Upon information and belief, DEFENDANT is currently doing business in

Colorado, through, among other things, its distribution and sale of water sports products

including the alleged infringing product to retailers and consumers in Colorado directly and

through its web site wowwatersports.com.

## BACKGROUND

8.      Plaintiff Kwik Tek has expended considerable money obtaining the '030 Design Patent which as indicated above issued from the '596 patent application.  In addition, Kwik Tek has expended considerable time, effort and money commercializing its low drag aquatic towing system product which is covered by the '030 Design Patent and sold under the marks SPORTSSTUFF BOOSTER BALL (BOOSTER BALL) and AIRHEAD BOB (BOB). (See Exhibit B)  Kwik Tek's commercialization efforts have included the promotion of its BOOSTER BALL and BOB products in its annual Buyers Guide and at trade shows every year since 2010 and 2012, respectively.  These trade shows include the Surf Expo in Orlando, Florida; the Outdoor Retailer show in Salt Lake City, Utah; the Lorenz and Jones Show in Altoona, Iowa; the Medart Show in Missouri; the Donovan Marine Show in New Orleans, LA; Hannay's Show in Minnesota and Bell Industries Show in Wisconsin Dells, WI.

9.      Kwik Tek has also marked its BOOSTER BALL and BOB products "patent pending" since 2010 and 2012, respectively.

10.      On information and belief, DEFENDANT WOW has also had one or more booths of its own at these trade shows since it started business in 2010 and undoubtedly has seen Kwik Tek's BOOSTER BALL and BOB products at these shows and noticed the "patent pending" markings on the products.  In addition, DEFENDANT employs Leroy L. Peterson, the inventor identified on the '030 Design Patent.  Indeed, on information and belief, Leroy Peterson is Chief Executive Officer (CEO) of DEFENDANT.  Peterson was also CEO of Sportsstuff which as indicated above is the company from which Kwik Tek purchased the '596 patent application in 2010.  Accordingly, with Mr. Peterson as CEO, DEFENDANT WOW is not just aware of Kwik

Tek's BOOSTER BALL and BOB products and their patent pending status, it's familiar with the

details of the '596 patent application and undoubtedly possesses a copy of the application.

Notwithstanding this intimate knowledge of Kwik Tek's patent matters, DEFENDANT WOW

introduced its infringing 4K Tow Bobber product (ACCUSED PRODUCT) (see Exhibit C) in

2014 in complete disregard of Kwik Tek's rights.

11.     Kwik Tek's BOOSTER BALL and BOB products have also been marked with the

proper patent notice in accordance with 35 U.S.C. § 287 since it issued in 2014.  Such marking

constitutes constructive notice to DEFENDANT of the '030 Design Patent.

12.     DEFENDANT's sale and/or offer to sell its 4K Tow Bobber product (ACCUSED

PRODUCT) infringes the '030 Design Patent and induces infringement of the '030 Design

Patent as well.

13.     On information and belief, DEFENDANT manufactures its ACCUSED

PRODUCT in China and imports the said ACCUSED PRODUCT into the United States from

China, the importation of which also infringes the '030 Design Patent and induces infringement

of the '030 Design Patent.

14.     DEFENDANT's offer to sell and/or sale and/or importation of the ACCUSED

PRODUCT infringes the '030 Design Patent and/or induces others to infringe the '030 Design

Patent.  Moreover, the aforementioned conduct of DEFENDANT with knowledge of Kwik Tek's

pending patent application and DEFENDANT's conduct after issuance of the '030 Design Patent

constitutes a willful and wanton disregard of Kwik Tek's rights.  Such conduct constitutes

willful and wanton infringement, entitling Kwik Tek to increased damages under 35 U.S.C. §

284.  Further, this is an exceptional case entitling Kwik Tek to recover its reasonable attorneys'

fees under 35 U.S.C. § 285.

15.     All conditions precedent to the bringing of this action have been performed or

have occurred.

## FIRST CLAIM FOR RELIEF
### Direct Patent Infringement by Defendant
### 35 U.S.C. § 271(a)

16.     Kwik Tek incorporates the allegations of paragraphs 1 through 15 by reference,

the same as if fully set forth herein.

17.     35 U.S.C. § 271(a) states that:

> Whoever without authority makes,
> uses, offers to sell or sells any
> patented invention, within the United
> States or imports into the United
> States any patented invention during
> the term of the patent therefor,
> infringes the patent.

18.     By its unauthorized manufacture, use, offer to sell, sale or importation of the

ACCUSED PRODUCT, DEFENDANT has directly infringed, and on information and belief

continues to infringe, the '030 Design Patent and has thereby damaged Kwik Tek.

19.     DEFENDANT has had knowledge of Kwik Tek's pending patent as well as the

'030 Design Patent for some time now and either knew or should have known that its sale of the

ACCUSED PRODUCT infringed the '030 Design Patent, and  induced others to infringe the '030

Design Patent.  DEFENDANT has therefore acted willfully and wantonly in disregard of Kwik

Tek' rights.  Such conduct constitutes willful and wanton infringement, and Kwik Tek is thereby

entitled to increased damages under 35 U.S.C. §284.  Further, this is an exceptional case

entitling Kwik Tek to recover its reasonable attorneys' fees under 35 U.S.C. §285.

20.     Kwik Tek has been and will continue to be severely damaged by DEFENDANT's

unlawful infringement.  Unless such infringement is abated and enjoined by this Court, Kwik

Tek will suffer irreparable damage.

## SECOND CLAIM FOR RELIEF
### Inducing Infringement by Defendant
### 35 U.S.C. § 271(b)

21.      Kwik Tek incorporates the allegations of paragraphs 1 through 20 by reference,

the same as if fully set forth herein.

22.      35 U.S.C. § 271(b) states that:

> Whoever actively induces
> infringement of a patent
> shall be liable as an infringer.

23.      By its unauthorized sale of the ACCUSED PRODUCT, DEFENDANT, with full

knowledge of the '030 Design Patent, has induced, encouraged, aided, and abetted others to

infringe the '030 Design Patent and has thereby induced infringement of the '030 Design Patent,

all to the damage of Kwik Tek.

24.      Upon information and belief, DEFENDANT has induced infringement willfully

and wantonly and with full knowledge of the harm to Kwik Tek and Kwik Tek' rights; and

therefore Kwik Tek is entitled to increased damages under 35 U.S.C. §284.  In addition, this is

an exceptional case entitling Kwik Tek to recover its attorneys' fees under 35 U.S.C. §285.

25.      Kwik Tek has been and will continue to be severely damaged by DEFENDANT's

unlawful infringement.  Unless such infringement is abated and enjoined by this Court, Kwik

Tek will suffer irreparable damage.


**WHEREFORE**, Kwik Tek prays for judgment against DEFENDANT and in favor of

Kwik Tek ordering, adjudging and declaring that:

1.      Jurisdiction is present and venue is proper;

2.      The '030 Design Patent is good and valid in law;

3.      DEFENDANT is liable for infringement of the '030 Design Patent;

4.      An accounting be had to determine the damages adequate to compensate Kwik

Tek for the aforesaid infringement and that judgment in favor of Kwik Tek be thereupon entered

against DEFENDANT, together with prejudgment interest;

5.      The acts of infringement of DEFENDANT have been deliberate, willful, and

wanton entitling Kwik Tek pursuant to 35 U.S.C. § 284 to increased damages of three times the

amount found or assessed;

6.      A preliminary and permanent injunction be issued enjoining DEFENDANT, its

privies, and those in active consort therewith from further acts of infringement of the '030

Design Patent and from aiding, abetting, or inducing or in any way contributing to the

infringement of said patent;

7.      The instant case is an exceptional case and that Kwik Tek be awarded its costs,

expert witness fees, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

8.      DEFENDANT's entire inventory of ACCUSED PRODUCT be delivered for

destruction including the tow bobber product and all packaging for the product as well as any

reproductions, counterfeit copies, or colorable imitations thereof including all plates, molds,

dies, matrices and other means of making the infringing product and its packaging as described

herein;

9.      Kwik Tek be granted such other and further relief as the Court may deem just and

equitable.

**A JURY TRIAL IS REQUESTED.**

DATED this   8th   day of January, 2015.

_s/ Brian D. Smith_

Brian D. Smith
BRIAN D. SMITH, P.C.
4100 E. Mississippi Ave., Suite 1600
Denver, Colorado 80246
(303) 523-0900
bsmith@coloradopatents.com

`

**ATTORNEY FOR PLAINTIFF KWIK
TEK INC.**

8

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 8, 2015</u>, I electronically filed the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.


<u>   s/ Brian D. Smith         </u>